**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIA DAVIDSON, individually, and on behalf of other members of the general public similarly situated, *Plaintiff-Appellant*, | No. 18-56188 |
| | D.C. No. 5:17-cv-00603-RGK-AJW |
| v. | |
| O'REILLY AUTO ENTERPRISES, LLC, a Delaware corporation, *Defendant-Appellee.* | OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 6, 2020
Pasadena, California

Filed August 3, 2020

Before: Danny J. Boggs,[*] Sandra S. Ikuta, and
Morgan Christen, Circuit Judges.

Opinion by Judge Ikuta;
Partial Concurrence and Partial Dissent by Judge Christen

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

**Class Certification**

The panel affirmed the district court's order denying plaintiff's motion for class certification in an action challenging the written rest-break policy of plaintiff's former employer, O'Reilly Auto Enterprises, LLC.

In her procedural challenge, plaintiff argued that the district court abused its discretion by declining to extend the September 21 deadline for moving to certify the class, and this impeded plaintiff's ability to obtain pre-certification discovery of information. The panel held that the district court did not abuse its discretion by requiring plaintiff to meet the deadline for filing her motion for class certification while at the same time granting her an additional month to develop evidence and submit a supplemental brief.

In her substantive argument, plaintiff argued that the district court erred in refusing to certify a "rest break" class. The panel held that plaintiff failed to show that "there are questions of law or fact common to the class," which was one of the requirements for class certification under Fed. R. Civ. P. 23(a)(2).

The panel held that plaintiff waived her right to appeal the dismissal of her wage-statement claim. The panel held that in a stipulation, plaintiff preserved the right to appeal the denial of class certification and the ruling on the motion for

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

summary judgment, but she did not preserve the right to appeal the district court's dismissal of her wage-statement claim.

Concurring in part and dissenting in part, Judge Christen agreed that plaintiff did not preserve her right to appeal the district court's order dismissing her wage statement claim. However, she would hold that the district court erred in imposing an unworkable class certification deadline, and it abused its discretion by denying plaintiff an opportunity to conduct pre-certification discovery. She also disagreed with the majority's conclusion that plaintiff's rest break claims failed for lack of commonality pursuant to Rule 23(a)(2).

## COUNSEL

Liana Carter (argued), Ryan Wu, and Robert Drexler, Capstone Law APC, Los Angeles, California, for Plaintiff-Appellant.

James M. Peterson (argued), John Morris, Jason C. Ross, and Rachel E. Moffitt, Higgs Fletcher & Mack LLP, San Diego, California, for Defendant-Appellee.

**OPINION**

IKUTA, Circuit Judge:

In this appeal from the stipulated dismissal of a putative class action, Kia Davidson claims that the district court abused its discretion in declining to extend a deadline for filing a motion for class certification. She also claims that the district court erred on the merits in declining to certify a class of employees based on her employer's written rest-break policy, which allegedly did not comply with California law. We conclude that the district court did not abuse its discretion in setting and enforcing a deadline. Nor did the court abuse its discretion in denying Davidson's motion for class certification. Because Davidson failed to offer any evidence that the written policy was applied to employees, she was unable to establish that there were questions of law or fact common to the class.

I

O'Reilly Auto Enterprises, LLC is an auto-parts retailer that operates some 520 stores in California. Between June 2016 and July 2017, O'Reilly employed Kia Davidson as a delivery specialist at one of its stores in San Bernardino, California. Toward the end of her time there, Davidson filed an action against O'Reilly on her own behalf and on behalf of a class of persons "who worked for [O'Reilly] as a non-exempt, hourly-paid employee in California within four years prior to the filing of this complaint until the date of trial."

Davidson alleged three sets of claims relevant to this appeal. First, Davidson alleged that O'Reilly violated California's rest-break requirements. A California regulation,

Wage Order No. 7, provides that "[e]very employer shall authorize and permit all employees to take rest periods" and that "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."[1]  Cal. Code Regs. tit. 8, § 11070(12)(A).  Employees that work between six and eight hours are entitled to two ten-minute rest breaks, one for the first four hours and a second for the remainder.  *See id.*[2]  Employees that do not receive these rest breaks are entitled to increased pay in the form of a rest-break premium:  "one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."    Cal. Code Regs. tit. 8, § 11070(12)(B). According to Davidson, she and other employees did not receive rest breaks and O'Reilly did not pay (or underpaid) rest-break premiums.

Second, Davidson alleged that O'Reilly failed to provide employees with wage statements that identified "the name and address of the legal entity that is the employer," as required by section 226(a)(8) of the California Labor Code. According to Davidson, O'Reilly's wage statements were noncompliant because they listed O'Reilly's address as "PO BOX 1156, SPRINGFIELD, MO 65801," instead of

---

[1] "Though not defined in the wage order, a 'major fraction' long has been understood—legally, mathematically, and linguistically—to mean a fraction greater than one-half."  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1028 (2012).  So a "major fraction thereof" as applied to a "four-hour period" means "any amount of time in excess of two hours."  *Id.* at 1029.

[2] "[A] rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours."  Cal. Code Regs. tit. 8, § 11070(12)(A).

providing the street address of O'Reilly's corporate headquarters, "233 South Patterson Avenue, Springfield, MO 65802-2298." Third, relying on these first two claims, Davidson sought civil penalties under California's Private Attorney General Act (PAGA). *See* Cal. Lab. Code § 2698, *et seq*.

Davidson served O'Reilly with a first amended complaint on June 23, 2017. At the time, the district court's local rules provided that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of [a] class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." C.D. Cal. Local Rule 23-3 (Dec. 1, 2013). The district court let stand the local rule's filing deadline, and so Davidson had 90 days after service—until September 21—to move for class certification.

On August 2, the parties filed a stipulation and proposed order seeking to extend the September 21 deadline by 67 days to November 28. The parties gave several reasons for requesting the extension. First, Davidson intended to move to transfer venue, and the earliest date on which she could notice a hearing was September 18, just three days before the September 21 deadline. Next, Davidson claimed she needed more time to gather evidence to support her class-certification motion. The stipulation explained that Davidson had served interrogatories, document requests, and deposition notices on O'Reilly, seeking "[t]he contact information of putative class members," the "[p]utative class member time punch and wage records," and information related to O'Reilly's "labor policies." Davidson claimed this discovery was relevant for class certification because it would: (1) be used to interview putative class members and obtain declarations, (2) allow her

to analyze time and wage records for recorded instances of potential Labor Code violations, (3) allow her to inspect O'Reilly's policies, which will show how hours of work, non-work, and compensation are regulated, and (4) allow her to review communications showing how O'Reilly implemented its policies. According to Davidson, "the putative class would be prejudiced without this discovery at class certification" because "it bears upon the commonality and predominance of Labor Code issues among class members as a whole." The stipulation also listed procedural steps, such as providing putative class members with notice and opportunity to opt-out from the disclosure of their contact information, which would take place before discovery. The district court summarily denied the stipulation to extend the September 21 deadline.

Over the next few months, the parties engaged in discovery.[3] Davidson requested multiple depositions from O'Reilly pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides that entities, including corporations, must designate a knowledgeable person who can testify on the subject matter identified in a deposition

---

[3] Although Davidson initially propounded discovery requests on June 30, 2017, her requests were premature because the parties had not yet met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). Davidson accordingly re-propounded her discovery requests on August 1, after the parties completed their Rule 26(f) conference. Davidson also filed a second amended complaint shortly thereafter, on August 7.

notice.[4] Davidson's Rule 30(b)(6) notices sought information on O'Reilly's "rest period policies, policy documents, procedures, or practices." Davidson also propounded document requests and interrogatories, including a request that O'Reilly provide "the full name, identification number, position, dates of employment, last known address, and last known telephone number" for "each and every" putative class member.

In response to these requests, O'Reilly provided answers to Davidson's interrogatories, produced responsive documents, and agreed to produce persons knowledgeable about the subject matter identified in Davidson's Rule 30(b)(6) notices. O'Reilly also agreed to provide a random sampling of contact information for putative class members, after providing them with notice and an opportunity to object. Such notice is required in state class actions to protect employees' privacy rights and is commonly referred to as a *Belaire-West* notice. *See Belaire-West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 562 (2007).

---

[4] Rule 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6).

As discovery progressed, the parties again moved to extend the September 21 deadline, this time by 14 days, to accommodate their schedule for Rule 30(b)(6) depositions. The district court denied the motion, though in response to a subsequent motion, it gave Davidson an opportunity to file a supplemental brief that could incorporate the deposition testimony and any other newly discovered evidence.

On the September 21 deadline, Davidson filed her motion for class certification along with a class-action trial plan. The motion and trial plan explained Davidson's theory regarding the rest-break claim. According to the motion, each of O'Reilly's policy documents required ten-minute rest breaks for every four hours of work but did not include the language "or major fraction thereof." Davidson argued that this omission created classwide issues, such as whether O'Reilly violated California law by failing to "authorize or permit" required rest breaks and whether O'Reilly's "uniform written rest break policy violate[d] California law by failing to give full effect to Wage Order No. 7." The evidence presented at trial "would include the text of every iteration of O'Reilly's written rest period policy, as well as O'Reilly's corroborating party admissions expected in the deposition." Because the rest-break policy applied to all class members, "the common questions engendered by that policy [could] be answered by common proof." The motion was supported by Davidson's declaration stating that she "recall[ed] sometimes working a shift between 6 and 8 hours in length" but was "not aware of any rest period premiums being paid to [her]."

The motion for class certification also addressed outstanding discovery matters. Davidson stated that O'Reilly had not yet produced "all corresponding policy documents" and had not "yet been able to produce a Rule 30(b)(6)

designated witness to testify in this matter as to [O'Reilly's] rest period policies, policy documents, procedures or practices." But Davidson "expect[ed]" that O'Reilly would "provide further discovery regarding rest periods in time for supplemental briefing." Aside from this, Davidson did not state that there was a need for any additional discovery.

Along with her class-certification motion, Davidson filed a stipulated motion and proposed order that would allow her to file a supplemental brief on October 20. The motion explained that Davidson had taken two depositions just two days before she filed the class-certification motion and that one more deposition was "anticipated to occur shortly." Thus, Davidson sought an opportunity to support her motion for class certification with any newly discovered evidence. The district court granted the stipulated motion and issued an order giving Davidson an additional month to gather evidence to support class certification.

While Davidson was gathering additional evidence, the district court ruled on O'Reilly's pending motion to dismiss. The district court dismissed Davidson's wage-statement claim on the ground that she failed to allege a violation of section 226(a)(8) of the Labor Code. The district court held that the word "address," as used in section 226(a)(8), "encompasses both [a] physical street address and [a] mailing address," and so O'Reilly's use of a P.O. box address "fulfilled the requirements of section 226(a)(8)."

On October 20, Davidson filed the supplemental brief in support of her motion for class certification, as permitted by the district court. The brief indicated that it incorporated "testimony given during [O'Reilly's] Rule 30(b)(6) depositions . . . and an additional document produced by"

O'Reilly. Davidson explained that "[s]ince filing [her] Motion for Class Certification, [she] ha[d] gathered additional documentary and corporate Rule 30(b)(6) testimony supporting certification of her rest period class." As in her class-certification motion, Davidson's supplemental brief did not raise a need for additional discovery. Her reply in support of class certification, filed on November 20, also made no mention of a need for further discovery.

On December 15, the district court denied Davidson's motion for class certification. Because the district court had already dismissed the wage-statement claim, it denied the request to certify a wage-statement class as moot. With respect to the rest-break class, the district court stated that, although O'Reilly's written policy was inconsistent with California law, Davidson had not shown that the written policy was "consistently applied to all 21,000 proposed class members." The district court noted that Davidson's own declaration "does not even state that she was ever denied proper rest breaks." By contrast, O'Reilly provided declarations from 310 employees asserting that they received all rest breaks mandated by California law. Accordingly, the district court concluded that Davidson failed to show that O'Reilly implemented unlawful practices; the existence of a facially defective policy was not enough, standing alone, to show that common questions predominated.

Davidson continued to litigate her remaining claims until, in June 2018, the district court granted summary judgment in favor of O'Reilly on Davidson's PAGA claim. Shortly thereafter, the parties entered into a stipulation whereby Davidson agreed that the district court would dismiss with prejudice and enter judgment on each of her claims, including (1) her PAGA claim (on which O'Reilly had been granted

summary judgment), (2) her wage-statement claim (previously dismissed for failure to state a claim), and (3) her rest-break claim (for which class certification had been denied).  The parties agreed that Davidson would preserve the right to appeal two rulings:  the district court's "[1] denial of class certification (Dkt. No. 61) and [2] ruling on motion for summary judgment (Dkt. No. 78)."  The district court entered judgment as requested.  This appeal followed.

II

On appeal, Davidson raises both a procedural and substantive argument to support her claim that the district court abused its discretion in denying her motion for class certification.  We consider each argument in turn.

A

We begin with Davidson's procedural argument.  She argues that the district court abused its discretion by declining to extend the September 21 deadline for moving to certify a class.  According to Davidson, this impeded her ability to obtain pre-certification discovery of information that would have shown O'Reilly's on-the-ground implementation of its rest-break policy.

"District courts have broad discretion to control the class certification process."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure gives district courts discretion to set deadlines for when parties must move for

class certification.  *See* Fed. R. Civ. P. 23(c)(1)(A).**[5]**  The question whether a district court abuses its discretion by setting deadlines or limiting pre-certification discovery is inherently fact intensive and must be decided based on the facts of each case.  *See, e.g.*, *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

Because "we review a district court's case management decisions for abuse of discretion," *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011), we must affirm unless the decision was "illogical, implausible, or without support in inferences that may be drawn from facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc).  "[This] standard is deferential, and properly so, since the district court needs the authority to manage the cases before it efficiently and effectively." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

A district court does not abuse its discretion by actively managing the pre-certification process—whether that means limiting the time "to conduct discovery related to the question of class certification," *Vinole*, 571 F.3d at 942; *accord Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975), or denying pre-certification discovery entirely, *see Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger*, 564 F.2d at 1313.  District courts may also exercise their discretion by enforcing filing deadlines; they have "the power to establish reasonable times for the filing of documents" and

---

**[5]** Rule 23(c)(1)(A) states, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).

to evaluate the legitimacy of an excuse for failing to file on time. *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (citation omitted); *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 214 (3d Cir. 2009) (holding that the district court did not abuse its discretion "in denying a motion for a class action determination which was untimely under the local rule"). We have recognized that disregarding a district court's "decision to honor the terms of its binding scheduling order" can "undermine the court's ability to control its docket." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). This is particularly true "[i]n these days of heavy caseloads," when "trial courts in both federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong*, 410 F.3d at 1060. "Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id.*

While we generally defer to a district court's case-management decisions, including in the class-certification process, *see Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018), a district court may abuse its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification, *see ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 426–27 (9th Cir. 2018), or denies a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification, *see Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092–93 (9th Cir. 2011). For instance, in *ABS Entertainment*, the plaintiff filed a putative class action in district court. 908 F.3d at 411. The parties were subject to a local rule (the same one applicable here), which set a 90-day deadline for filing a motion for class

certification, and they sought to extend the 90-day deadline to allow for pre-certification discovery. *Id.* The district court refused to do so on the ground that there was "no show of cause, let alone good cause," *id.*, without "address[ing] the asserted need for pre-certification discovery," *id.* at 426. The plaintiff timely moved for class certification, but the district court identified two technical defects,[6] and then struck both the motion and the class allegations in the complaint as untimely filed. *Id.* at 426. By striking the class allegations, the district court prevented the plaintiff from renewing the motion for class certification unless the plaintiff obtained approval to amend the complaint. *See* Fed. R. Civ. P. 23(d)(1)(D).[7]

On appeal, we held that a district court's "application and interpretation of its Local Rules is entitled to 'a large measure of discretion,'" but the district court's application of the local rule's 90-day deadline was so inflexible as to be

---

[6] The motion "set a hearing date for the motion beyond the 35-day period after service of process as required by the court's standing orders and it did not include a statement pursuant to Local Rule 7-3 that a 'conference of counsel' took place prior to the filing of the motion." *ABS Entm't*, 908 F.3d at 412.

[7] Rule 23(d)(1)(D) provides that a district court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). If the district court does not strike the class allegations, parties may move a district court to alter or amend an order granting or denying class certification at any time "before final judgment," Fed. R. Civ. P. 23(c)(1)(C), meaning that the denial of a motion for class certification "is inherently tentative," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978); *see also McNamara v. Felderhof*, 410 F.3d 277, 280 (5th Cir. 2005) ("A district court is free to reconsider its class certification order as often as necessary before judgment.").

"incompatible with Federal Rule of Civil Procedure 23." *ABS Entm't*, 908 F.3d at 427 (citation omitted).  Therefore, we agreed that the district court "abused its discretion in striking the timely filed motion as a sanction for . . . 'trivial' omissions in the notice," and we reversed and remanded so the district court could consider the class-certification motion on the merits, along with whether pre-certification discovery was warranted.  *Id.*; *see also Pitts*, 653 F.3d at 1092–93 (holding that the district court abused its discretion when it failed to set a clear deadline for filing the class certification motion but nonetheless ruled that the plaintiff had missed the deadline and could no longer file a timely motion for class certification).

Here, we cannot say that the district court abused its discretion by requiring Davidson to meet the deadline for filing her motion for class certification while at the same time granting her an additional month to develop evidence and submit a supplemental brief.  First, the district court here set a clear deadline for filing the motion for class certification, unlike the situation in *Pitts*, 653 F.3d at 1092–93.  While adhering to this deadline, the court was not inflexible; it allowed Davidson an extra month to engage in additional discovery and the opportunity to file a supplemental brief after doing so.  *Cf. Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1077 (9th Cir. 2020) (en banc) (holding that the district court did not abuse its discretion by "limiting trial time by being up front about the limits and then being flexible at counsel's request").  Davidson was not prevented from reasonably developing her claims.  Nor did the court prevent Davidson from obtaining a ruling on her motion for class certification; rather, it considered Davidson's briefing and evidence before issuing its order.  Thus, Davidson was afforded "an opportunity to present evidence as to whether a class action

was maintainable." *Vinole*, 571 F.3d at 942 (quoting *Doninger*, 564 F.2d at 1313). Despite denying the motion for class certification, the district court did not strike Davidson's class allegations, which left her free to renew the motion after obtaining further evidence in pre-trial discovery. *See* Fed. R. Civ. P. 23(c)(1)(C); *Coopers & Lybrand*, 437 U.S. at 469 n.11. Under these facts, we conclude that the district court did not abuse its discretion in setting and enforcing a deadline, and we therefore decline to "undermine the court's ability to control its docket." *Mammoth Recreations*, 975 F.2d at 610.

Arguing against this conclusion, Davidson contends that the district court's adherence to the September 21 deadline was unreasonable because it deprived her of sufficient time to obtain necessary discovery regarding O'Reilly's on-the-ground implementation of its rest-break policy. This argument fails for several reasons. Most important, it is belied by the record. As a review of the timeline makes clear, Davidson elected not to develop her rest-break claims based on policy implementation, but instead based this claim on evidence that O'Reilly had a written policy for rest breaks that did not comply with Wage Order No. 7. Although the parties' first stipulation mentioned Davidson's interest in obtaining the contact information of putative class members to conduct interviews, Davidson did not pursue this line of discovery. Instead, Davidson focused on taking Rule 30(b)(6) depositions to establish that O'Reilly's written policy was defective; indeed, the parties' second stipulation to extend the September 21 deadline was based solely on a need to accommodate the Rule 30(b)(6) depositions.

The record shows that Davidson could have pursued the on-the-ground information regarding O'Reilly's

implementation of its rest-break policy. O'Reilly agreed to provide Davidson with a random sampling of contact information for putative class members, subject to using a *Belaire-West* notice to provide notice and an opportunity to opt-out. Davidson did not follow up on this offer. She attempts to excuse her failure to do so on the ground that she would not have had time to interview the employees before the filing deadline, because it would have required a "minimum of 30 days to provide putative class members notice and opportunity to opt-out." This argument has no support. There is no federal requirement that parties use a *Belaire-West* notice, much less that putative class members be given 30 days to respond. In fact, district courts have frequently opted for "a protective order, in lieu of a *Belaire-West* notice," *Goro v. Flowers Foods, Inc.*, No. 17-cv-02580, 2018 WL 3956018, at *9 (S.D. Cal. Aug. 17, 2018), particularly when "there [was] not sufficient time to allow for [the] [n]otice," *Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, No. EDCV 15-00369, 2015 WL 5568609, at *5 (C.D. Cal. Sept. 22, 2015). Davidson could have raised this alternative with O'Reilly or moved to compel a response to her discovery requests, but she chose not to.

The dissent concedes that the parties could have used a protective order in lieu of a *Belaire-West* notice, but argues that this alternative would have been "futile in Davidson's case" because Davidson could not move to compel discovery, receive a favorable ruling, and interview putative class members before the September 21 deadline. Dissent at 29 n.3. This argument is based on the unsupported assumptions that O'Reilly would have refused to provide discovery absent a court order; that the district court would not have provided an expeditious ruling, despite the fact that it ruled on a prior discovery motion in just four days; and that Davidson would

have been required to interview putative class members before September 21, even though Davidson had until October 20 to file a supplemental brief. We decline to engage in these speculations given that Davidson did not even attempt to pursue on-the-ground information regarding O'Reilly's rest-break policy.

Not only does Davidson's argument that she needed more time for discovery lack support, she waived it by not raising it "sufficiently for the trial court to rule on." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989). After the first stipulation, none of Davidson's filings mentioned a need to conduct employee interviews or explained how evidence from these interviews would support class certification; indeed, she did not mention a desire to interview employees regarding their rest-break experiences the entire time her motion for class certification was pending. Nor did she attempt to raise the issue with the district court after it refused to certify a rest-break class on the ground that she had not shown that O'Reilly's written policy was "consistently applied to all 21,000 proposed class members." Only now—on appeal and after stipulating to the dismissal of her claims—does Davidson contend that more discovery would have allowed her to develop an alternative theory of the case and changed the outcome below. Davidson's argument comes too late; we routinely "prevent[] parties from sandbagging their opponents [and the district court] with new arguments on appeal," *Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004), as Davidson attempts to do here.

Davidson also raises a second argument as to why the district court abused its discretion by failing to grant an extension. She claims (and the dissent agrees) that *ABS*

*Entertainment* created a per se rule that denying a motion to extend a local rule's 90-day deadline for moving for class certification is an abuse of discretion. Dissent at 32. We disagree. Consistent with our fact-intensive review, *see Doninger*, 564 F.2d at 1313, *ABS* considered the specific facts of the case before it and concluded that the district court's inflexible application of the 90-day deadline—in conjunction with striking the class-certification motion for technical defects—deprived the plaintiff of a ruling on the merits on its motion for class certification and was "incompatible with Federal Rule of Civil Procedure 23," 908 F.3d at 427. Despite claiming to "see no principled way to distinguish the procedural posture of this case from . . . *ABS*," Dissent at 32, the dissent does not acknowledge, much less address, that the plaintiff in *ABS* was deprived of a ruling on the merits of its class-certification motion, 908 F.3d at 427, whereas Davidson was not. Nor did *ABS* purport to eliminate district courts' broad discretion in setting and enforcing deadlines, *see Wong*, 410 F.3d at 1060; *Mammoth Recreations*, 975 F.2d at 610; *cf. Skidmore*, 952 F.3d at 1077; rather, the district court's error was its inflexibility, not its decision to set a deadline. The district court in this case evinced no such inflexibility and did not deprive Davidson of fair consideration of her motion. Accordingly, we decline to conclude that the district court abused its discretion.[8]

---

[8] The dissent asserts that this decision "will likely cause confusion for the local bench and bar." Dissent at 32. This argument is meritless for two reasons. First, the Central District of California amended Local Rule 23-3 to eliminate the requirement that a motion for class certification be filed within 90 days after service of the complaint purporting to commence a class action. Moreover, even prior to the effective date of the amendment, judges in the Central District of California recognized that *ABS* did not "invalidate or strike [Local Rule 23-3]," *Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1084 (C.D. Cal.

B

As to the merits, Davidson argues that the district court erred in refusing to certify a "rest break" class. Again, we disagree.

"We review a district court's denial of class certification for abuse of discretion," *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (citation omitted), and "may affirm the District Court's decision on any basis the record supports, including one the District Court did not reach," *Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 856 n.12 (9th Cir. 2002). Parties seeking class certification bear the burden of satisfying each of the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id.* at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).**[9]** "Frequently that rigorous analysis will entail some overlap with the merits of

---

2019), and they continued to apply that rule when, in their view, doing so was consistent with Rule 23 of the Federal Rules of Civil Procedure, *see id.*; *Rothman v. Optima Advocates, Inc.*, No. CV 18-8341-R, 2019 WL 2610960, at *1 (C.D. Cal. Apr. 19, 2019).

**[9]** Under Rule 23(a), a party must demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (cleaned up) (quoting *Falcon*, 457 U.S. at 160).

Here, Davidson failed to show that "there are questions of law or fact common to the class," one of the requirements of Rule 23(a). Fed. R. Civ. P. 23(a)(2). The Supreme Court has held that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("If there is no evidence that the entire class was subject to the same [unlawful] practice, there is no question common to the class."). Davidson failed to show that employees suffered the common injury of being deprived of rest-period premiums to which they were legally entitled. Even Davidson's own declaration does not show that she suffered this injury. Although she states that she worked shifts between six and eight hours in length and did not receive rest-period premiums, Davidson would be entitled to rest-period premiums only if, during those shifts, she did not receive two ten-minute rest breaks. *See* Cal. Code Regs. tit. 8, § 11070(12)(A). Her declaration is silent on that point. Although Davidson argued that O'Reilly's written rest-break policy was inconsistent with California law because it omitted the phrase "or major fraction thereof," she did not show that the policy was applied to employees in a way that violated California law. Because there was no evidence that a class of employees "suffered the same injury," *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157), Davidson did not establish commonality.

The dissent contends that Davidson did, in fact, come forward with evidence that the "entire class was subject to the *same* [unlawful] practice." Dissent at 34. Not so. Like Davidson, the dissent merely identifies documents that do not contain the phrase "or major faction thereof," Dissent at 34, and tacitly concedes that Davidson presented no evidence that she or any other putative class member was ever denied a rest break in violation of California law.[10] Without any such evidence, Davidson has not "affirmatively demonstrate[d] . . . that there are *in fact* . . . common questions of law or fact." *Dukes*, 564 U.S. at 350. Put another way, the mere existence of a facially defective written policy—without any evidence that it was implemented in an unlawful manner—does not constitute "[s]ignificant proof," *id.* at 354, that a class of employees were subject to an unlawful practice. The dissent's reliance on *Jimenez v. Allstate Insurance Co.*, is misplaced, because in that case the district court found that the plaintiff "presented *sufficient evidence* to establish . . . common questions," such as "whether class members

---

[10] The dissent states that Davidson "identified evidence produced by O'Reilly in a related class action concerning the same rest break policy, including . . . Rule 30(b)(6) testimony confirming that O'Reilly only provided one rest period per four hours of work." Dissent at 34–35. Even assuming that this deposition from an earlier action is admissible here, *see* Fed. R. Civ. P. 32(a)(8); *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982), the dissent's statement is misleading. The deponent in that case testified that, under California law, if an employee works a shift of four hours, he is entitled to a ten-minute rest break, but if the "shift is less than three and a half [hours]," the employee is not entitled to a rest break. This explanation is consistent with California law. *See* Cal. Code Regs. tit. 8, § 11070(12)(A). The deponent did not state or suggest that O'Reilly failed to provide an additional rest break to employees who worked between six and eight hours. Accordingly, the testimony on which the dissent relies does not show that O'Reilly violated California law; in fact, it tends to prove the opposite.

generally worked overtime without receiving compensation as a result of Defendant's unofficial policy of discouraging reporting of such overtime." 765 F.3d 1161, 1163–64 (9th Cir. 2014) (emphasis added). Here, in contrast, the district court made no such finding; as the district court recognized, Davidson's evidence "fail[ed] to implicate any illegal practice." Accordingly, we conclude that the district court did not abuse its discretion in denying Davidson's motion for class certification because Davidson did not establish commonality. *See* Fed. R. Civ. P. 23(a)(2).

## III

Next, we turn to Davidson's challenge to the district court's dismissal of her wage-statement claim. O'Reilly contends that Davidson waived the right to appeal the dismissal of this claim. We agree.

We follow the "practice of looking at the language of [a] consent judgment and other evidence in the record to determine whether a party may appeal following an order entered by consent." *Blair v. Shanahan*, 38 F.3d 1514, 1521 (9th Cir. 1994) (citing *Christian Sci. Reading Room Jointly Maintained v. City & Cty. of San Francisco*, 784 F.2d 1010, 1017 (9th Cir. 1986)). A party relinquishes the right to appeal a claim by stipulating that judgment should be entered on the claim "in accordance with" an adverse ruling and without reserving the right to appeal. *Id.* at 1518 (citation omitted); *see also Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1413 (9th Cir. 1996) (holding that an appeal of the merits of a claim was improper because "it was dismissed with prejudice by stipulation of the parties as part of an agreement").

Here, Davidson relinquished her right to appeal the dismissal of her wage-statement claim. The district court dismissed the claim with prejudice. In a stipulation, Davidson and O'Reilly agreed that the district court should "dismiss with prejudice and enter judgment on the claims alleged on an individual basis by [Davidson] in her Second Amended Complaint," including the wage-statement claim. Davidson preserved the right to appeal two decisions: the district court's "[1] denial of class certification (Dkt. No. 61) and [2] ruling on motion for summary judgment (Dkt. No. 78)." But she did not preserve the right to appeal the district court's "Order Re: Defendants' Motion to Dismiss" (Dkt. No. 56), which disposed of her wage-statement claim. In sum, Davidson agreed that the district court should enter judgment on her wage-statement claim in accordance with its order dismissing the claim, and the right to appeal that order "was not a term of the agreement." *Blair*, 38 F.3d at 1518. Thus, Davidson relinquished the right to appeal the dismissal of her wage-statement claim. *See id.*; *Am. Bankers Mortg. Corp.*, 75 F.3d at 1413.

Davidson argues that review of the order denying class certification "necessarily encompasses" review of the dismissal of her wage-statement claim, because the district court refused to certify a wage-statement class on the ground that the wage-statement claim had already been dismissed. This argument fails. Davidson could not appeal the dismissal of her wage-statement claim unless she reserved the right to appeal the order disposing of that claim. *See Blair*, 38 F.3d at 1518. Reserving the right to appeal another order that makes reference to the order dismissing the claim is not enough to show that the parties agreed that Davidson could challenge the dismissal of the wage-statement claim.

Accordingly, we hold that Davidson waived the right to appeal her wage-statement claim.[11]

**AFFIRMED**.

---

CHRISTEN, Circuit Judge, concurring in part and dissenting in part:

I agree that Davidson did not preserve her right to appeal the district court's order dismissing her wage statement claim. But I conclude the district court erred when it rigidly adhered to the unworkable deadline imposed by now-abrogated Central District of California Local Rule 23-3, thereby precluding Davidson from obtaining essential pre-certification discovery. The district court ruled before we issued *ABS Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018), but that precedential opinion holds, at a minimum, that a district court abuses its discretion when it adheres to now-abrogated Local Rule 23-3 without

---

[11] Because we do not reach the merits of Davidson's wage-statement claim, we express no view as to whether "address," as used in section 226(a)(8) of the California Labor Code, covers a P.O. box address and therefore deny Davidson's Motion for Judicial Notice (ECF No. 12), which seeks judicial notice of documents related to section 226(a)(8). *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).

We also decline Davidson's request to issue an advisory opinion to clarify the district court's order granting partial summary judgment on her PAGA claim. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (holding that we may not issue "an opinion advising what the law would be upon a hypothetical state of facts").

considering the need for pre-certification discovery. I see no way to fairly distinguish *ABS* from this case.

Nor do I agree that Davidson's rest break claim fails for lack of commonality pursuant to Fed. R. Civ. P. 23(a)(2). The district court did not reach commonality, but my colleagues affirm the district court's order denying class certification on that basis. In doing so, the majority improperly conflates the *answer* to a common question with the *existence* of a common contention. Here, Davidson clearly identified evidence of a common rest break policy, and that was sufficient to establish commonality at the class certification stage. Because *ABS* controls the situation presented here, and because Davidson satisfied the commonality requirement of Rule 23(a)(2), I respectfully dissent.

# I

Less than two years ago, our court considered the previous version of Local Rule 23-3 in *ABS*, and held that the Rule's bright-line 90-day deadline to file a class certification motion was "incompatible with Federal Rule of Civil Procedure 23" and "impractica[l]." 908 F.3d at 427. Our court cautioned that Federal Rule of Civil Procedure 23 demanded a more flexible approach, and that district courts must carefully consider the need for pre-certification discovery, rather than adhering to an arbitrary deadline. *Id.* (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)). In *ABS*, we held that the "district court's summary and unexplained denial of the parties' joint stipulation to extend the 90-day deadline based on the need for pre-certification discovery" required remand, with the

explicit direction for the district court to "reconsider[] . . . whether pre-certification discovery [was] warranted." *Id.*

In the wake of *ABS*, the Central District of California amended Local Rule 23-3. The new rule became effective less than a year ago, on December 1, 2019. When the district court ruled in this case, it did not have the benefit of *ABS*, and the court therefore operated under the now-abrogated version of Local Rule 23-3. The record leaves no doubt that the district court adhered to the bright-line 90-day deadline imposed by that rule without regard for the need for pre-certification discovery. Under our precedent, this was plainly an abuse of discretion.

Davidson served her first amended complaint on June 23, 2017, and her initial discovery requests one week later. O'Reilly declined to treat Davidson's discovery requests as operative until a month after that, when the parties had their Rule 26(f) discovery conference on July 28, 2017. *See* Fed. R. Civ. P. 26(d). On August 1, 2017, Davidson served her initial discovery requests again. The very next day, August 2, Davidson and O'Reilly filed a joint stipulation to extend the class certification deadline imposed by operation of Local Rule 23-3, and specifically cited the need to conduct interviews of putative class members.[1] The joint stipulation outlined the significant time required for this logistically intensive process, and expressly identified the 30-day period required to allow putative class members to opt out after they

---

[1] My colleagues assert that the court set a deadline for filing the motion for class certification. This is not correct. The deadline here was imposed solely by operation of Local Rule 23-3.

received notice of the action.[2]  The requested extension (to which the parties mutually agreed) was 67 days.  On August 4, 2017, the court denied the joint stipulation without explanation.  The district court made no findings that shed light on its reasons for denying the parties' joint request for more time.

O'Reilly served its discovery responses on August 31, the last possible day, and offered to provide contact information for a yet-to-be-negotiated random sampling of class members after the parties negotiated and sent out a *Belaire-West* notice.  This was an empty promise, as there was already insufficient time to complete the process associated with interviewing the class members.  Even if the parties had been able to negotiate and send out a *Belaire-West* notice the same day O'Reilly served its discovery responses, the notice requires a waiting period to allow class members to opt out.  After that waiting period, the parties would have had to negotiate a sample of employees, assemble a contact list, send out notices, contact witnesses, interview them, and prepare declarations.  Those steps could not be taken until the parties knew which members of the putative class would opt out.[3]  With the

_____

[2] O'Reilly consistently asserted that it would "*only* provide the contact information for putative class members subject to" the notice and opt-out procedure described in *Belaire-West Landscape Inc. v. Superior Court*, 57 Cal. Rptr. 3d 197, 203 (Ct. App. 2007).  (Emphasis added).

[3] The majority asserts that district courts have frequently opted for a protective order in lieu of a *Belaire-West* notice, particularly when there is not sufficient time to allow for the notice and opt-out period. *See, e.g.*, *Thomas-Byass v. Michael Kors Stores (Cal.) Inc.*, No. 15-cv-00369, 2015 WL 5568609, at *5 (C.D. Cal. Sept. 22, 2015).  This is true, but entirely futile in Davidson's case.  With the class certification deadline only three weeks away, it is manifestly unreasonable to expect that Davidson could file a motion to compel, receive a favorable ruling on that motion,

deadline of September 21 for filing a class certification motion looming just three weeks away, it was impossible for Davidson to conduct discovery into the putative class members before filing her motion for class certification.

The parallels between this case and *ABS* are striking. In *ABS*, the parties filed two joint stipulations to extend Local Rule 23-3's rigid 90-day deadline. 908 F.3d at 426. After the district court denied the first stipulation for failure to show good cause, the parties filed a second stipulation that specifically cited the need for pre-certification discovery. *Id.* The district court denied that stipulation without explanation, and did "not address the asserted need for pre-certification discovery." *Id.* Our court concluded that the district court was not permitted to rely on the bright-line deadline in Local Rule 23-3, and remanded with direction to "reconsider[] . . . whether pre-certification discovery [was] warranted." *Id.* at 427.

Here, the parties filed a joint stipulation to extend Local Rule 23-3's automatic 90-day deadline, specifically citing the time needed to conduct pre-certification discovery. The district court denied that stipulation without explanation, and never addressed the need for pre-certification discovery. Adherence to our precedent requires, at a minimum, that this case be remanded for the district court to reconsider whether pre-certification discovery was warranted.

Contrary to my colleagues' assertion, Davidson preserved this issue for appeal. *See In re E.R. Fegert, Inc.*, 887 F.2d

---

negotiate the form of a protective order, and receive a response to her discovery requests, all with enough time to schedule and obtain interviews from class members.

955, 957 (9th Cir. 1989). Nothing in the record supports the supposition that Davidson ever abandoned her request to interview putative class members. Davidson requested an extension of the deadline imposed by Local Rule 23-3 so she could conduct interviews, but the district court denied that request. By the time Davidson received O'Reilly's discovery responses on August 31, she had no choice but to forge ahead with her other available methods of discovery. What the majority calls "abandonment" is more typically described as compliance with a court order. The majority faults Davidson for not re-filing the same request, but there was no reason to think that the court would have made a different decision if Davidson had re-filed her initial request for time to interview putative class members. After all, the first request was denied even though O'Reilly had stipulated to it. Davidson was not required to repeatedly request an extension that the district court had already denied. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016) ("[W]hen a party takes a position and the district court rules on it, there is no waiver."); *W. Watersheds Project v. U.S. Dep't of Interior*, 677 F.3d 922, 925 (9th Cir. 2012).

The subsequent events in the record show only that Davidson faced further difficulties in obtaining the limited discovery that was available to her. O'Reilly did not make its Rule 30(b)(6) witnesses available in time for her to include their testimony in her motion for class certification. Thus, the parties filed a stipulation to extend the class certification motion deadline by 14 days, which was again denied without explanation. The parties also filed a stipulation to file a supplemental brief after the class certification deadline, which was granted, but this narrow request was related solely to Davidson obtaining corporate testimony pursuant to Rule 30(b)(6). In the stipulation for a 14-day extension, the

parties specifically recognized that the district court had already denied their previous stipulation requesting time to interview class members, and noted that they were seeking a much shorter extension in order to address the narrow issue of procuring testimony from O'Reilly's Rule 30(b)(6) witnesses. As for interviews of putative class members, that ship had already sailed.

The district court adhered to the deadline in Local Rule 23-3 without considering whether Davidson had sufficient means to conduct pre-certification discovery. This is precisely the circumstance that required remand in *ABS*, with explicit instructions to reconsider whether pre-certification discovery was warranted. The court's order denying pre-certification discovery is particularly concerning because the court later denied class certification on the grounds that Davidson failed to advance sufficient evidence supporting certification. Davidson was faulted for failing to collect the very evidence the court's orders prevented her from gathering.

I can see no principled way to distinguish the procedural posture of this case from the decision we published in *ABS*, and as a three-judge panel, we are bound by our circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). An appellate decision that flip-flops so soon after *ABS* was published will likely cause confusion for the local bench and bar. *See Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (observing that respect for precedent "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process").

## II

Because I would hold that the district court abused its discretion by denying Davidson an opportunity to conduct pre-certification discovery, I would not reach the question whether Davidson satisfied the requirements of Fed. R. Civ. P. 23.  But my colleagues do, and by affirming the district court's class certification decision on the basis of commonality, they decide in the first instance an issue the district court never reached.[4]   In the majority's view, Davidson failed to show that the putative class suffered the same injury because she did not show that O'Reilly's written rest break policy was actually applied to O'Reilly's employees.   This result is also contrary to controlling authority.

The Rule 23(a)(2) requirement of commonality demands that claims "must depend upon a common *contention*." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis added).  That "common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its *truth or falsity* will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* (emphasis added). "What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)).

---

[4] The district court rested its denial of class certification on predominance, *see* Fed. R. Civ. P. 23(b)(3), without addressing any Rule 23(a) requirements.

To be sure, *Wal-Mart* confirmed that the "rigorous analysis" under Rule 23(a) "sometimes [requires] the court to probe behind the pleadings before coming to rest on the certification question." *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).  And we have recognized that "a district court *must* consider the merits" if they overlap with the requirements of Rule 23(a).  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).  After all, "if there is no evidence that the entire class was subject to the *same* allegedly discriminatory practice, there is no question common to the class." *Id.* at 983 (emphasis added). But here, Davidson came forward with evidence of precisely this variety.  Thus, this case is clearly distinguishable from *Wal-Mart* and *Ellis*, where claims of gender discrimination failed to satisfy commonality because the plaintiffs did not demonstrate the existence of a uniform policy.

Davidson established commonality with the 2010 and 2013 versions of O'Reilly's store operations manual, and testimony from O'Reilly's Rule 30(b)(6) corporate designee, Mr. David Vanden Bos.  Vanden Bos authenticated numerous O'Reilly documents from the class period concerning O'Reilly's rest break policy—e.g., a training agenda and a memo to managers.  None of O'Reilly's documents included the "major fraction thereof" language required by California law. *See Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 528–29 (Cal. 2012); Cal. Code Regs. tit. 8, § 11070(12)(A).  Davidson also identified evidence produced by O'Reilly in a related class action concerning the same rest break policy, including two internal O'Reilly policy documents indicating the same non-compliant rest break policy, and Rule 30(b)(6) testimony confirming that O'Reilly

only provided one rest period for every four hours of work.[5] The majority supposes that the Rule 30(b)(6) deponent's testimony suggests O'Reilly followed a lawful rest break practice. But it is not clear this is so. The written policies identified by Davidson are not consistent with California law, and the deponent's testimony is ambiguous about the practice that was actually followed.

Plainly, Davidson demonstrated the existence of a uniform policy, which if implemented would cause class members to suffer the same injury. The "rigorous analysis" required by *Wal-Mart* does not allow for "an in-depth examination of the underlying merits" of the case—for example, "whether [an employer] was in fact discriminating against women," *Ellis*, 657 F.3d at 983 n.8, or whether O'Reilly was in fact depriving its employees of legally-mandated rest breaks. The purpose of class certification is "not to adjudicate the case," but merely "to select the method best suited to adjudication of the controversy fairly and efficiently." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,

---

[5] Davidson requested judicial notice of these materials because they had been filed on the public docket in related litigation involving O'Reilly. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court filings are properly the subject of judicial notice). The district court refused to consider this evidence, ruling that Davidson improperly requested judicial notice of findings of fact from another case. But Davidson did not seek judicial notice of any findings. She sought notice of the policies O'Reilly introduced in the parallel litigation. Whether the cited evidence *in fact* reflected O'Reilly's practice is subject to reasonable dispute, and thus not the proper subject of judicial notice. But the fact that these written policies exist and were produced by O'Reilly cannot be contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The court was free to take judicial notice of the existence of O'Reilly's policy documents, just not the veracity of any disputed facts contained therein. *See id.*

568 U.S. 455, 460 (2013) (alteration and quotation marks omitted); *see also Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1112 (9th Cir. 2014) ("[D]emonstrating commonality does not require proof that the putative class will prevail on whatever common questions it identifies."); *Ellis*, 657 F.3d at 983 n.8 (observing that "whether class members could actually prevail on the merits of their claims" is not the proper inquiry). And the identification of a "a fatal *similarity*—[an alleged] failure of proof as to an element of the plaintiff's claim"—is "inappropriate at the certification stage." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (quoting *Amgen*, 568 U.S. at 470).

Our prior decision in *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014) is directly on point. There, the plaintiffs raised an off-the-clock work claim that required proof that: (1) plaintiffs performed work for which they did not receive compensation; (2) defendants knew or should have known that plaintiffs did so; and (3) defendants stood by idly. *Id.* at 1165. As to the first question, the plaintiffs argued that class members had worked unpaid overtime as a result of the defendant's unofficial policy of discouraging reporting of such overtime. *Id.* The defendant argued its formal policies were lawful, "and that the alleged informal 'policy-to-violate-the-policy' d[id] not exist." *Id.* at 1165 n.5. We concluded that "[p]roving at trial whether such informal or unofficial policies existed will drive resolution of [the first question]." *Id.* at 1166. As to defendant's argument concerning the existence of the policy, we observed that "[t]his argument is appropriately made at trial or at the summary judgment stage," because "[w]hether any of these common questions are ultimately resolved in favor of either side is immaterial at the class certification stage." *Id.* at 1165 n.5. After all, "if a defendant has a strong argument against

classwide liability, it 'should welcome class certification' as that allows it the opportunity to resolve claims of all class members at once." *Id.* (quoting *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 857 (6th Cir. 2013)); *see also Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1078–82 (9th Cir. 2020) (observing it was jury's role "to decide whether Wal-Mart implemented the written policies" concerning control over employees).

Here, Davidson argued O'Reilly had a policy of unlawfully denying class members legally-mandated rest breaks. O'Reilly did not deny that it had a uniform rest break policy. Nor did it insist that the resolution of Davidson's claims would require numerous individualized determinations. *See, e.g.*, *Wal-Mart*, 564 U.S. at 355 (concluding plaintiffs failed to allege a uniform employment practice because employment decisions were left to discretion of local supervisors). O'Reilly instead argued that the unlawful policy identified by Davidson was not in fact implemented, and that its actual rest break policy—as applied throughout California—was lawful. But whether or not the unlawful policy was actually implemented is precisely the sort of question that satisfies commonality. *Jimenez*, 765 F.3d at 1165–66; *see also Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016) (concluding that whether the defendant "had a 'common policy or practice of withholding information'" was a common question that would "help to drive resolution of the litigation for all class members").

The district court's conclusion on predominance, though not addressed by the majority, suffered from a similar infirmity. Rule 23(b)(3) "asks the court to make a global determination of whether common questions prevail over

individualized ones." *Torres*, 835 F.3d at 1134. This "requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen*, 568 U.S. at 459. Because generalized evidence of the sort advanced by Davidson will provide an answer to the question whether the challenged policy was implemented, and that answer will cause the whole class to "prevail or fail in unison," *id.* at 460, Rule 23(b)(3)'s predominance requirement was satisfied.

For these reasons, I respectfully dissent.