**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RICKY WISDOM, individually and on behalf of similarly situated individuals,

Plaintiff-Appellant,

v.

EASTON DIAMOND SPORTS, LLC, a Delaware limited liability company,

Defendant-Appellee.

No. 19-55742

D.C. No.
2:18-cv-04078-DSF-SS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 5, 2020[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Ricky Wisdom brought a putative class action against Easton Diamond Sports,

LLC, alleging that an Easton bat he purchased weighed more than its label stated. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proposed class was all who "purchased any model(s) of Easton baseball bat(s) from Easton or a retailer, where such bats were purchased in new condition and were labeled as being a lighter weight than they actually were." The district court struck Wisdom's class allegations under Fed. R. Civ. P. 12(f). A motions panel granted Wisdom's request to allow this interlocutory appeal.

We review the district court's order for abuse of discretion. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210-11 (9th Cir. 1975). Although a district court has discretion to limit pre-certification discovery, it abuses this discretion if it unreasonably deprives the plaintiff of an opportunity to develop his claims through discovery. *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020). The district court struck Wisdom's class allegations on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members. This determination was premature, and thus an abuse of discretion.

Wisdom's class allegations for unjust enrichment were sufficient to warrant more discovery on whether class treatment is appropriate. Wisdom alleged that all of the mislabeled bat models were mislabeled in similar ways, causing similar injury to

every member of the class. Depending on how discovery unfolds, it may become clear that the consequences of using a mislabeled bat, the value to a consumer of buying a correctly labeled bat, and the degree to which Easton was unjustly enriched through mislabeling are issues susceptible to class treatment under Rule 23. At this early stage, it was premature for the lower court to conclude that individual questions predominate.

Wisdom's class allegations for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and Unfair Competition Law ("UCL"), *id.* § 17200 *et seq.*, also warranted more discovery. Whether a business practice is deceptive or misleading under the FAL and UCL is governed by the reasonable consumer test, which requires a probability that a significant portion of the general consuming public or of targeted customers, acting reasonably, could be misled. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (citing *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). Individualized proof of reliance and injury is not required. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985–86 (9th Cir. 2015). The district court's ruling that individual questions predominate was therefore premature.

The district court struck Wisdom's class allegations without granting him leave to amend. Dismissal without leave to amend is not appropriate unless it is clear that amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Amendment would not necessarily be futile, as Wisdom could narrow the class and define it to cover a more specific subset of purchasers, if appropriate. The district court should therefore have granted Wisdom leave to amend.

As discovery unfolds, it may become clear that individual questions predominate, or that the proposed class does not satisfy the other requirements for class treatment. But more class discovery is required to make this determination, even as the district court retains discretion to impose reasonable limits on discovery.

**VACATED and REMANDED.**