**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| State of California, ex rel. CARNEY ANTHONY PATTON SR., <br><br> Plaintiff - Appellant, <br><br> and <br><br> STATE OF CALIFORNIA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TRANSDEV SERVICES, INC., improperly captioned as Connex TCT LLC; TRANSDEV NORTH AMERICA, INC., <br><br> Defendants - Appellees. | No. 24-7021 <br><br> D.C. No. 3:24-cv-03457-RS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted March 16, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Carney Anthony Patton, Sr. appeals pro se from the district court's judgment dismissing his qui tam action alleging violations of the California False Claims Act. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's case management decisions. *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020). We affirm.

Patton has not identified an abuse of discretion in the district court's scheduling order or its other case management decisions. *See Davidson*, 968 F.3d at 963 (explaining that the district court's case management decisions are reviewed deferentially, and that "we must affirm unless the decision was illogical, implausible, or without support in inferences that may be drawn from facts in the record" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to reopen or reconsider the judgment because Patton failed to demonstrate any ground for relief. *See Weeks v. Bayer*, 246 F.3d 1231, 1234, 1236 (9th Cir. 2001) (setting forth standard of review and describing the highly unusual circumstances where judgment is properly reopened); *Sch. Dist. No 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Patton's request for

appointment of counsel because Patton filed it after entry of judgment and failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Patton's contention that he was deprived of due process is unsupported by the record.

**AFFIRMED.**