Filed 12/18/20  Harris v. Golden State Water Co. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| FLORENCE V. HARRIS et al., | B299125 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC523131) |
| v. | |
| GOLDEN STATE WATER COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Daniel J. Buckley, Judge.  Appeal dismissed.

Skapik Law Group, Mark J. Skapik, Geralyn L. Skapik and Blair J. Berkley for Plaintiffs and Appellants.

Epstein Becker & Green, Michael S. Kun and Kevin D. Sullivan for Defendants and Respondents.

_____

An order denying a motion for class certification that entirely terminates class claims is appealable.  (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 698–699.)  An order that terminates only some but not all class claims is not appealable.  (*Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 806–807.)  Here, the trial court denied the motion for class certification as to the first six causes of action but did not rule on the motion as to the seventh cause of action seeking relief under Business and Professions Code section 17200.  The request for class certification as to the seventh cause of action remains unresolved.  Thus, because there is no final order and this court lacks jurisdiction to hear the appeal, the appeal must be dismissed.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs Florence Harris, Maria Delgado, and Sylvia Beltran filed a complaint against four utility companies for wage and hour violations:  Golden State Water Company provides water services to municipalities statewide; Bear Valley Electric Service, which is owned by Golden State, provides water services and distributes electricity to customers in the Big Bear Lake community; American States Water Company is the parent company for Golden State and Bear Valley Electric and provides water services within communities throughout the state; and American States Utility Services, Inc., manages water, wastewater, and utility services across the state and to military installations.

The first amended complaint contained seven causes of action.  The plaintiffs alleged that they, and the proposed class members within 55 different job titles, were intentionally misclassified as exempt employees even though the conditions of their employment, and the work they actually performed, was

2

that of non-exempt employees.  The first six causes of action alleged the defendants failed to provide rest and meal breaks, pay wages, pay overtime, and furnish timely and accurate wage statements.  The seventh cause of action alleged a violation of California's Unfair Competition Act under Business and Professions Code[1] section 17200.

The plaintiffs filed a motion to certify a "subclass" of employees within 20 job titles.[2]  They asserted the defendants "classify their employees as *exempt* or non-exempt from the requirements of the Industrial Welfare Commission ('IWC') Wage orders ***solely*** on the basis of the employees' position grade level (salary range) without regard to how employees actually spend their time on the job."  In support of the motion, they argued the defendants have admitted:  the written job-position descriptions accurately reflect actual employee duties, responsibilities, and activities; the employees' actual job performance conforms to their job-position descriptions and the described duties and responsibilities are overwhelmingly non-exempt; and, if an employee's performance was inconsistent with the employers' expectations and written job requirements, the employee would be disciplined.  They argued this evidence is "conclusive" and therefore no individualized inquiry is required.  The plaintiffs also sought class certification for their section 17200 claim in the seventh cause of action.

---

[1]     All further undesignated statutory references are to the Business and Professions Code.

[2]     The defendants complained the proposed subclass included two job classifications that were not included in the amended complaint.

3

The defendants complained that the motion was filled with misstatements, inaccuracies, and misrepresentations. They argued that an employee's "tasks cannot be determined from each position's job description alone; rather, in order to determine how employees in these positions" spend their time requires an individualized inquiry. They were specifically scornful of plaintiffs' expert, a former attorney with the Department of Labor Standards and Enforcement: She could not simply review the job titles and render an opinion because such an opinion would be inadmissible at trial.

In reply, the plaintiffs argued the case was amendable to class certification because there is evidence "deliberate misclassification is defendant's policy and practice," and these classifications have resulted in de facto misclassification that can be established by job titles and job descriptions alone. Their "theories of liability require no individualized analysis and are conducive to class treatment."

The court took the matter under submission and issued a detailed ruling. Citing *United Parcel Service Wage & Hour Cases* (2010) 190 Cal.App.4th 1001, 1015, the court found the plaintiffs had not presented substantial evidence demonstrating that their claims were amendable to common proof. It concluded that the listing of generic job titles and descriptions, even if they reflect actual job duties, was an "insufficient" showing. Evidence the misclassifications were deliberate, and the inclusion of the opinion "of a former DLSE attorney" that the job titles and job descriptions in this case were adequate to certify a class, did not change the calculus.

## DISCUSSION

The plaintiffs appeal from the order denying class certification. Somewhat surprisingly, they appeal even though, as they acknowledge in their brief, the trial court did not rule on their concurrent request to certify a subclass under the seventh cause of action. They suggest this court should "reverse" and remand the matter to the trial court for resolution of that issue. But that suggestion actually asks us to dismiss the appeal for want of jurisdiction under the one final judgment rule.

The one final judgment rule provides, with limited exceptions, that appellate courts have no jurisdiction to review an interlocutory judgment or order that does not dispose of all causes of action between the parties. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756; *Aixtron, Inc. v. Veeco Instruments, Inc.* (2020) 52 Cal.App.5th 360, 384.) Here, the trial court's order does not address the motion to certify a subclass under the seventh cause of action. Thus, the order does not dispose of all causes of action between the parties and the appeal must be dismissed.[3]

The plaintiffs attempt to avoid dismissal by arguing the order is appealable under the "death knell" doctrine, a judicially created exception to the one final judgment rule. That doctrine provides that in class action cases, an order that is tantamount to the dismissal of class claims is appealable even if the individual claims are still viable. (*In re Baycol Cases I & II*, *supra*, 51 Cal.4th at p. 758.) The problem with that argument here is

---

[3]     The defendants do not dispute that the order fails to address the seventh cause of action.

that the order appealed did not terminate class claims; the seventh cause of action remains pending.

Even if the section 17200 claim had been ruled on, it is questionable if the order would be appealable under the death knell doctrine in any event. The plaintiffs' motion sought to certify a "subclass" of 20 job titles and descriptions; and their opening brief emphasized that the underlying motion had been to certify a "subclass" of "20 different job positions." We invited letter briefs addressing whether an order denying certification of a subclass is appealable. In response, the plaintiffs' argued the order effectively terminated class claims because the deadline to file a class certification motion had passed. (Cal. Rules of Court, rule 3.764(b).)

We first note it is difficult to address the issue without a copy of the purported order. The plaintiffs represented it was attached to their letter brief, but none was. Assuming a deadline was set, there is nothing jurisdictional about it. Whether to enforce that filing deadline rests within the sound discretion of the trial court. (*Davidson v. O'Reilly Auto Enterprises, LLC* (9th Cir. 2020) 968 F.3d 955, 963.)

It would be one thing if the plaintiffs had affirmatively alerted the court they were effectively dismissing all other class claims. That could have been done in numerous ways in the motion or during argument in the trial court. But the motion to certify emphasized numerous times that the plaintiffs were seeking certification of a "subclass." Even their opening brief made that point. Advising us now that "many" of the class claims not included in the subclass were not viable when the motion was filed impliedly recognizes that some of those class claims remain viable and could be pursued, if allowed in the trial court's

discretion.  And advising us now that the "subclass" term really was meant to tell the court below that they were seeking to certify something less than the class as pled, seems more of an after-thought.  The death knell doctrine is strictly construed.  It serves its purpose—to prevent multiple appeals, piecemeal disposition of claims, and the issuance of advisory opinions—only if the order is tantamount to a *final* dismissal of class claims.  (*In re Baycol Cases I & II, supra*, 51 Cal.4th at pp. 756–757.)  The mere fact a court-imposed filing deadline has passed is not enough, under these facts.

## DISPOSITION

The appeal is dismissed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SALTER, J.[*]

We concur:

BIGELOW, P. J.          GRIMES., J.

---

[*]      Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.