**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARIANA MILES,

*Plaintiff-Appellant,*

v.

KIRKLAND'S STORES INC.,

*Defendant-Appellee.*

No. 22-55522

D.C. No.
5:18-CV-01559-
JWH-SHK

OPINION

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted November 13, 2023
Pasadena, California

Filed January 8, 2024

Before: Barrington D. Parker,[*] Jay S. Bybee, and Kenneth
K. Lee, Circuit Judges.

Opinion by Judge Lee

---

[*] The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by
designation.

**SUMMARY**[**]

**Class Certification**

In a lawsuit alleging that two employee policies at Kirkland's Stores violate California law, the panel reversed the district court's order denying class certification for subclasses that rely on a Rest Break Claim, affirmed the denial of class certification for subclasses that rely on a Bag Check Claim, and remanded for further proceedings.

The Rest Break Claim challenged Kirkland's policy requiring employees to take rest breaks on store property, and the Bag Check Claim challenged Kirkland's policy requiring employees to surrender to bag checks when they ended their shift. The district court denied class certification because it found that common issues failed to predominate over individual ones under Fed. R. Civ. P. 23(b)(3).

The panel reversed the district court's denial of class certification of the Rest Break Claim because the district court incorrectly found that Kirkland's applied its rest break policy inconsistently during the proposed class period. The panel held that the overwhelming record evidence showed that the company consistently enforced its policy across all employees, and remanded for the district court to reassess the evidence and apply the remaining Rule 23 requirements to the Rest Break Claim.

The panel affirmed the district court's denial of class certification of the Bag Check Claim because the evidence

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

suggested that Kirkland's enforced the bag check policy sporadically. Given the uneven enforcement of the policy, the district court would have to embark on a time-intensive mission to figure out the individual circumstances of each proposed class member, which is not amenable to class treatment. In addition, Kirkland's implemented the bag check policy in different ways when they did enforce the policy.

## COUNSEL

David C. Leimbach (argued), Scott L. Gordon, and Carolyn H. Cottrell, Schneider Wallace Cottrell Konecky LLP, Emeryville, California, for Plaintiff-Appellant.

Jack S. Sholkoff (argued) and Catherine L. Brackett, Ogletree Deakins Nash Smoak & Stewart PC, Los Angeles, California; Andrew J. Deddeh and Tracie Childs, Ogletree Deakins Nash Smoak & Stewart PC, San Diego, California; for Defendant-Appellee.

# OPINION

LEE, Circuit Judge:

When an employee challenges a company's policy in a class action lawsuit, it may appear at first blush that liability can be determined on a class-wide basis if that policy applies to all employees.  But like with so many facets of the law, the answer is—it depends.  And this case provides two dueling and instructive examples of when a claim challenging a company's policy can—and cannot—be certified.

The lawsuit alleges that two employee policies at Kirkland's Stores violate California law: The first policy required employees to take rest breaks on store property (the "Rest Break Claim"), and the second one required them to surrender to bag checks when they ended their shift (the "Bag Check Claim").

For the Rest Break Claim, the evidence shows that Kirkland's applied its rest break policy uniformly across its stores.  A few outlier examples of employees not following the policy generally cannot by themselves defeat class certification.  But for the Bag Check Claim, the record suggests that many employees did not abide by the bag check policy and that Kirkland's did not consistently enforce it.  And the very nature of Kirkland's bag check policy—with the inherent variations in employees' circumstances—may require highly individualized inquiries.

We thus reverse the district court's denial of class certification for the Rest Break Claim, affirm the denial of certification for the Bag Check Claim, and remand for further proceedings consistent with this opinion.

## BACKGROUND

### I.  Ariana Miles sues Kirkland's, challenging the store's employee rest break and bag check policies.

Ariana Miles worked for Kirkland's, a chain of home décor stores, from about February 2011 to July 2018.  She alleges that Kirkland's unlawfully required employees to (1) remain in the stores during their rest breaks, and (2) work off-the-clock by getting their bags checked after they had clocked out.  Based on these two claims, Miles sought class certification for various subclasses for the class period from May 2014 to the present.

### A.  Miles' Rest Break Claim

Under California law, employers may not require employees to work during rest periods.  Cal. Lab. Code § 226.7(b).  California's Supreme Court has interpreted Section 226.7(b) to mean that employers must "relinquish any control over how employees spend their break time." *Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 826 (Cal. 2016) (citing *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 535–36 (Cal. 2012)).

From 2014 to at least 2020, Kirkland's rest break policy expressly stated that employees could not leave store premises during working hours without their supervisor's permission, except for meal breaks.  For example, the 2016 policy stated: "Rest breaks are scheduled and must be noted and signed off on the Daily Game Plan.  Employees are not to leave the store premises during scheduled working hours without permission of their supervisor, with the exception of meal periods." (Other versions of the handbook in the record reflect the same policy, even if the precise language varies).

Miles argues that this policy violates California labor law because it prevented employees from taking breaks away from the store.

### B.  Miles' Bag Check Claim

Under California law, employers must pay employees for all hours worked.  Cal. Lab. Code § 1194(a).

Between 2014 and 2019, Kirkland's bag check policy stated that "all employees will be subject to a VISUAL inspection of all personal belongings in their possession any time they leave the store premises (i.e., end of work shifts, breaks, store errands)."  The policy also required that the inspection "be conducted by a manager at the store entrance, inside of the store."  Employees, however, clock in and out at the register, not at the store entrance.  Miles argues that Kirkland's failed to pay employees for the small sliver of time between when employees clocked out at the register and walked to the store entrance to get their bag checked.

## II. The district court denied class certification for both classes.

The district court denied class certification because it found that common issues failed to predominate over individual ones under Rule 23(b)(3) of the Federal Rules of Civil Procedure for both the Rest Break and Bag Check Claims.

For the Rest Break Claim, the district court assumed in part that on-premises rest breaks do not automatically violate California law.  It then held that in the "absence of evidence that Kirkland's Stores' rest period policy, as implemented class-wide, violates California law," it "'would have to conduct individualized inquiries' into whether each Subclass

member was denied a duty-free rest break while being required to stay on premises."

And for the Bag Check Claim, the district court denied certification because "there is insufficient evidence to demonstrate a general practice across Kirkland's Stores' California facilities of unlawful bag checks that predominates over individualized inquiries."

## STANDARD OF REVIEW

We review a district court's denial of class certification for abuse of discretion. *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). A legal error "is a per se abuse of discretion." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013) (citing *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010)). A district court also "abuses its discretion if it (1) relies on an improper factor, (2) omits a substantial factor, or (3) commits a clear error of judgment in weighing the correct mix of factors." *Id.* Lastly, "[w]e review the district court's findings of fact under the clearly erroneous standard, meaning we will reverse them only if they are (1) illogical, (2) implausible, or (3) without 'support in inferences that may be drawn from the record.'" *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).

## ANALYSIS

We hold that the district court erred in denying class certification of the Rest Break Claim, but that it properly denied certification of the Bag Check Claim.

## I.   Rule 23 requires the district court to engage in a rigorous analysis before certifying a class.

Rule 23 is designed to promote "efficiency and economy of litigation." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Individual questions require each class member "to present evidence that varies from member to member," while common questions can be answered by "the same evidence . . . for each member . . . [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internal quotation marks and citation omitted).

Importantly, a party cannot plead or speculate her way to class certification. She must marshal facts showing, by a preponderance of the evidence, that class issues predominate. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022) (en banc). She must "show that the common question relates to a central issue in [her] claim." *Id.* at 665 (citing *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)). When determining whether common questions predominate, the court must focus on "important questions apt to drive the resolution of the litigation." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). But a party opposing class certification can "invoke individualized issues and provide sufficient evidence that the individualized issues bar recovery on at least some claims, thus raising the spectre of class-member-by-class-member adjudication of the issue." *Van v. LLR, Inc.*, 61 F.4th 1053,

1067 (9th Cir. 2023) (citing *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018)).

For a wage and hour claim, an employer's official policies "are relevant to the Rule 23(b)(3) analysis," but a district court abuses its discretion by "rely[ing] on such policies to the near exclusion of other relevant factors touching on predominance." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 955 (9th Cir. 2009). Indeed, a district court must engage in a "rigorous analysis" of all the evidence—including how the policies were enforced, implemented and followed—in determining whether to certify a class. *Wal-Mart*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

## II. The district court erred in denying class certification of the Rest Break Claim.

We reverse the district court's denial of class certification of the Rest Break Claim because it incorrectly found that Kirkland's applied its rest break policy inconsistently during the proposed class period from May 2014 to the present.

Kirkland's admitted that it had a "uniform employee handbook policy requiring employees to remain on premises during their 10-minute paid rest breaks until sometime in 2018." That rest break policy states: "Rest breaks are scheduled and must be noted and signed off on the Daily Game Plan. Employees are not to leave the store premises during scheduled working hours without the permission of their supervisor." In other words, it is undisputed that Kirkland's rest break policy (at least from May 2014 until

sometime in 2018) expressly barred employees from leaving the stores during their rest break.**1**

But a company's policy by itself—even if it remains constant during the class period—is not an elixir that turns canned allegations in a complaint into a pot of class action gold. We still need to look at evidence of whether the company consistently implemented and enforced the policy across all employees during the class period. *See Wal-Mart*, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard. [A party must] prove that there are *in fact"* commonality and predominance of common issues). The parties here dispute how Kirkland's enforced this policy with each side submitting dueling declarations from employees and managers. Miles submitted eight declarations from employees who stated that Kirkland's required employees to stay on store property during rest breaks from May 2014 to sometime in 2018. Meanwhile Kirkland's offered nine declarations that purportedly show the opposite.

The district court, after examining these declarations, determined that it "would have to conduct individualized inquiries into whether each Subclass member was denied a duty-free rest break while being required to stay on premises."

But the district court appears to have misinterpreted those declarations. The declarations cited by the district court only discuss store conditions in *2021*, not the entire

---

1 Miles' proposed subclass consists of employees from "2014 to final judgment." But sometime in 2018—around the time Miles sued— Kirkland's stopped enforcing the rest break policy uniformly, even though the 2018-2020 handbooks still appear to require on-premises rest breaks. Miles appears to concede this fact, so any proposed class period should not extend beyond sometime in 2018.

class period from 2014 to the present. These declarations do not establish that Kirkland's employees could have left the store premises for their rest breaks from 2014 to 2018. For example, Heather Macaulay's declaration dated June 6, 2021, states that "[e]mployees *are* free to leave the store for their 10-minute rest break but most remain in the store." (emphasis added). It says nothing about the policy from 2014 to 2018. The Carrie Hebert, Tina Oldaker, and Katrina Flora declarations all suffer from the same flaw. None of these declarations counter the evidence that, from 2014 to 2018, Kirkland's—in its policy and practice—barred employees from leaving the store during rest breaks. And Brian Klagenberg's declaration submitted by Kirkland's appears to support Miles' contention that employees from 2014 to 2018 could not leave the stores during their break:

> When I first started employees were free to leave the store, this lasted for about two years. *Then for about four years the policy changed so that employees were limited to where they could go off the store property for rest breaks – they could go wherever they wanted on the store property.* This changed again about two to three years ago. Employees are once against free to leave the store for their 10-minute rest break.

In sum, the district court erred in holding that individual issues would predominate over common ones for the Rest Break Claim—at least based on the record before us—because the evidence shows that (i) Kirkland's written policy expressly forbid employees from taking breaks away from the store and (ii) Kirkland's consistently enforced that policy across its stores from at least May 2014 to sometime in 2018.

To be sure, Kirkland's provided a few declarations that *some* employees left the store during their rest breaks. But a smattering of examples involving a few isolated cases does not automatically defeat class certification if, as here, the overwhelming evidence shows that the company consistently enforced its policy across all employees. *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 938 (9th Cir. 2019) ("Predominance in employment cases is rarely defeated on the grounds of differences among employees so long as liability arises from a common practice or policy of an employer.") (citation and quotation marks omitted).

We thus remand to the district court to reassess the evidence and apply the remaining Rule 23 requirements to the Rest Break Claim, consistent with this opinion.[2]

---

[2]  We also note that district court appears to have assumed that on-premises rest breaks do not violate California law so long as the employees are not tasked with any responsibilities. *But cf. Augustus*, 385 P. 3d at 832 ("employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time"); *Rest Periods / Lactation Accommodation*, https://www.dir.ca.gov/dlse/faq_restperiods.htm (April 2021) (California Division of Labor Standards Enforcement interpreting *Augustus* to mean that on-premises rest breaks were unlawful). That is a merits question that should be left for summary judgment or trial, not at class certification. *See Edwards v. First Am. Corp.*, 798 F.3d 1172, 1178 (9th Cir. 2015) ("A court, when asked to certify a class, is merely to decide a suitable method of adjudicating the case and should not turn class certification into a mini-trial on the merits." (internal quotations and citation omitted)).

### III. The district court correctly denied class certification of Miles' Bag Check Claim.

During the proposed class period, Kirkland's bag check policy stated that "all employees will be subject to a VISUAL inspection of all personal belongings in their possession any time they leave the store premises. . . . [to] be conducted by a manager at the store entrance, inside of the store." Miles argues that Kirkland's shortchanged its employees because the bag checks were conducted off-the-clock—that is, the employees should have been paid for the short time between when they "clocked out" at the register and when they had their bags checked at the store entrance before leaving.

The parties agree that Kirkland's had a uniform bag check policy during the class period. But "the mere existence" of a company policy—with little evidence that it was implemented or enforced uniformly—does "not constitute significant proof that a class of employees were subject to an unlawful practice." *See Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 968 (9th Cir. 2020) (quoting *Wal-Mart*, 564 U.S. at 353) (cleaned up). And here, the district court did not clearly err in finding that Kirkland's did not uniformly enforce and implement the bag check policy. Indeed, the very nature of Kirkland's bag check policy likely lends itself to highly individualized inquiries.

Again, the parties offered competing evidence on whether the bag check policy was applied uniformly with seven declarations from Miles and nearly two dozen from

Kirkland's.[3]   The district court found ample reasons why Miles failed to show a systematic practice of bag checks that would be well-suited to a class-wide challenge.

Unlike the rest break policy—which appears to have been enforced uniformly except for a few isolated examples—the evidence suggests that Kirkland's enforced the bag check policy sporadically.[4]   Given the uneven enforcement of the policy, the court would have to embark on a time-intensive mission to figure out the individual circumstances of each proposed class member: which stores and managers enforced the bag check policy, what days this policy was enforced, which employees were subjected to them, and so on.  This type of individualized analysis is not amenable to class treatment.  *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) ("[I]f the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate" (alteration in original) (quoting 7A Charles Alan Wright & Arther R. Miller, *Federal Practice & Procedure* § 1778 at 535–39 (2d ed. 1986))).

Not only did Kirkland's often fail to enforce the bag check policy, but its stores also implemented it in different

---

[3]  We emphasize that evaluating competing declarations is not a mere bean-counting exercise.  Both the quantity and quality of the declarations matter.  District courts thus must rigorously analyze the content of the declarations and weigh their persuasiveness.

[4]  For example, Hayley Cocchiarella's declaration states: "When I was first hired we did bag checks sporadically.  We didn't always conduct bag checks because there really wasn't a need… No one that I know brings big bags… Some employees stopped bringing bags into the store so there was no need for a bag check."

ways when they did enforce the policy. At many stores, the bag checks were not necessarily conducted off the clock.[5] Miles assumes that an employee would clock out at the register, and then have his or her bag checked later at the entrance of the store. But the evidence shows that many employees' bags were checked at the same place and time that they clocked out. A court would thus have to inquire into the individual practices of each store, manager, and employee—something that would not allow a court to resolve the issue in "one stroke." *Wal-Mart*, 564 U.S. at 350.

We have denied class certification in similar cases implicating highly individualized inquiries into each proposed class member, despite a facially uniform policy. For example, in *Castillo*, the plaintiffs challenged the employer's overtime formulas. *Castillo v. Bank of America, NA*, 980 F.3d 723, 727 (9th Cir. 2020). This Court found that common issues about the legality of the formulas were outweighed by "complicated questions of who was ever exposed to [the] policies, and whether those who were exposed were harmed in a way giving rise to liability." *Id*. at 733. Here, there are similarly individualized questions, and common issues do not predominate over individual ones.

Even if the bag check policy had been enforced uniformly, we would still likely be mired in individualized inquiries here—unlike with the Rest Break Claim. Some

---

[5] Hayley Cocchiarella's declaration also states: "If a bag check was conducted, it would only take a second and would be a glance as the employee was clocking out." Similarly, Dawn Sanchez's declaration states: "The bag checks were supposed to be done in front of a camera but since our cash rap is by the front door we were able to do the bag check right by the cash rap and walk out."

policies by their nature may implicate each proposed class member's personal preferences, practices, or proclivities, casting doubt on the viability of class treatment. Kirkland's bag check policy is a prime example. For example, not all employees underwent a bag check because not every employee brought a bag to work.[6] Kirkland's presumably has no record of which employees brought a bag or on what days. A court would thus likely have to engage in highly individualized analysis of each proposed class member to see if he or she brought a bag to work, and if so, on what days. *See Id.* at 731 (affirming the denial of class certification when "determining liability for all class members would require complicated individualized inquiries"). Such a fact-intensive inquiry into each class member's conduct and practice would mean that individual issues would overwhelm common ones.

Further, employees could use time adjustment logs to record uncompensated time if they believed that their bags had been checked after clocking out.[7] A court would have to scour through and analyze individual records to figure out if someone belongs to the class, undermining the efficiency of class adjudication.

These individual questions are not the sort of "plug-and-play" determinations that we have held may not defeat class certification. *Cf. Levya v. Medline Indus., Inc.*, 716 F.3d 510 (9th Cir. 2013) (holding that simple individualized damages

---

[6] Both Brian Klagenberg and Dawn Sanchez stated: "Many employees don't come in with anything."

[7] In her deposition, Janis Warnement said that if bag checks happened after employees clocked out, "they should have put time on the time adjustment log to record any time worked."

calculations do not defeat predominance). Rather, these individualized questions would have to be resolved through a series of mini-trials, undermining the "efficiency and economy" that Rule 23 was designed to promote. *Am. Pipe & Constr. Co.*, 414 U.S. at 553.

## CONCLUSION

We **REVERSE** the district court's denial of class certification for the subclasses that rely on the Rest Break Claim and **REMAND** for further proceedings consistent with this opinion. We **AFFIRM** the district court's denial of class certification for the subclasses that rely on Miles' Bag Check Claim.